**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4141-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JASON E. LOUIS,

     Defendant-Appellant.

_____

Submitted April 28, 2020 – Decided May 12, 2020

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-01-0350.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Around 3:00 a.m. on May 8, 2015, Orange Police officers were dispatched to the area of South Day Street, following a report that a storeowner had been robbed at gunpoint and the suspect had "jump[ed]" into a white Acura. Sergeant Raymond Hamm was patrolling the area in a marked police car when he saw a car matching that description approach and make a right turn in front of him. With the lights and sirens of his patrol car activated, Hamm followed the Acura for one and a half miles.

Reaching speeds in excess of sixty miles per hour in a thirty-five-mile-per-hour zone, crashing into poles, driving on the sidewalk, and spewing debris in its wake, the Acura ultimately crashed into another pole and stopped. All three occupants ran from the car; responding officers gave chase; and Hamm apprehended the driver – defendant Jason E. Louis.

Following a four-day jury trial, defendant was convicted of second-degree eluding, N.J.S.A. 2C:29-2(b).[1] Pertinent to this appeal, the State admitted into

_____

[1] The jury acquitted defendant of the remaining charges: second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1; and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a). After finding the mitigating factors substantially outweighed the aggravating factors, the trial judge sentenced defendant at the bottom of the third-degree range to a three-year term of imprisonment. Defendant does not challenge his sentence on appeal. The two other occupants of the Acura were charged in the same indictment with various offenses, tried with defendant, and acquitted of all charges.

evidence – without objection – three summonses issued to defendant: reckless driving, N.J.S.A. 39:4-96; driving while his license was suspended, N.J.S.A. 39:3-40.1; and unlicensed operation of a motor vehicle, N.J.S.A. 39:3-10. This appeal followed.

On appeal, defendant raises a single point for our consideration:

POINT ONE

THE INTRODUCTION INTO EVIDENCE OF TWO UNPROVEN, IRRELEVANT AND PREJUDICIAL MOTOR VEHICLE SUMMONSES WAS CLEARLY CAPABLE OF LEADING TO AN UNJUST RESULT.
(Not raised below)

More particularly, defendant argues, "the [S]tate improperly introduced irrelevant, prejudicial, and unproven bad acts - motor vehicle summonses for driving while suspended and unlicensed [driver] - that had the clear capacity to lead to his conviction, thereby tainting the verdict and rendering it unjust." The State concedes those summonses "simply [were] not relevant to whether the defendant eluded police via flight in a motor vehicle in this case" and, as such, they did not satisfy the Cofield[2] factors for admission as bad-act evidence under

_____

[2] State v. Cofield, 127 N.J. 328, 338 (1992). In Cofield, the Court established the following four-prong test for the admissibility of other crimes evidence:

N.J.R.E. 404(b). But, the State argues that evidentiary error does not require reversal.

We find insufficient merit in defendant's belated argument to warrant extended discussion in our written opinion. R. 2:11-3(e)(2). We therefore affirm, adding only a few comments.

We agree with the parties that the summonses were improperly admitted in evidence because they were not probative to the eluding charge. See State v. Bakka, 176 N.J. 533, 546 (2003) (recognizing in the context of aggravated manslaughter and vehicular homicide charges, "the mere fact that a defendant is an unlicensed driver does not by itself suggest an awareness of risk"). And as

1. The evidence of the other crime must be admissible as relevant to a material issue;

2. It must be similar in kind and reasonably close in time to the offense charged;

3. The evidence of the other crime must be clear and convincing; and

4. The probative value of the evidence must not be outweighed by its apparent prejudice.

[Id. at 338.]

The Court has since recognized, however, that the second prong does not necessarily apply in all cases. State v. Williams, 190 N.J. 114, 130-34 (2007).

the State correctly argues, that error was not "clearly capable of producing an unjust result." R. 2:10-2 (setting forth the plain error standard to determine whether the error requires reversal).

We apply the plain error standard because defendant did not object to admission of the summonses at trial. Under that standard, "the error will be disregarded unless a reasonable doubt has been raised whether the jury came to a result that it otherwise might not have reached." State v. R.K., 220 N.J. 444, 456 (2015). We must evaluate the error in view of the "overall strength of the State's case." State v. Chapman, 187 N.J. 277, 289 (2006); see also State v. Prall, 231 N.J. 567, 588 (2018). A defendant's failure to object leads to the reasonable inference the issue was not significant in the context of the trial. State v. Macon, 57 N.J. 325, 333 (1971).

Applying that standard, we are satisfied there was strong, independent evidence offered against defendant on the eluding charge. Hamm's unrefuted testimony concerning the events he personally observed on May 8, 2015 was corroborated by responding officers, who testified as to their observations. And, defendant's front-seat passenger testified at trial and acknowledged defendant was "speeding" while driving the car with police in "pursuit." That evidence

constitutes "overwhelming admissible evidence on which to convict defendant" for second-degree eluding. Prall, 231 N.J. at 588-89.

Moreover, other than fleeting references to the summonses in establishing their foundation for admission in evidence, the State did not mention the summonses in summation and the judge did not reference them in the jury instructions. By contrast, the judge properly incorporated the reckless driving summons issued to defendant as part of the jury instruction for second-degree eluding, and the inference the jury may draw to determine whether defendant's actions "creat[ed] a risk of death or injury to any person." N.J.S.A. 2C:29-2(b); see also Model Jury Charges (Criminal), "Eluding an Officer (N.J.S.A. 2C:29-2(b))" (rev. Nov. 15, 2004). Accordingly, the trial judge appropriately instructed the jury to focus on the elements necessary to prove that charge, without reference to the erroneous evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4141-17T2